Matter of DuBose v City of New York

2026 NY Slip Op 02449

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Angel S. DuBose, Petitioner-Appellant,

v

City of New York, et al., Respondents-Respondents.

Decided and Entered: April 23, 2026

Index No. 101289/24|Appeal No. 6433|Case No. 2025-03737|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Angel S. Dubose, appellant pro se.

Steven Banks, Corporation Counsel, New York (Michael Shang of counsel), for respondents.

[*1]

Judgment (denominated an order), Supreme Court, New York County (Paul A. Goetz, J.), entered May 27, 2025, which granted the cross-motion of respondents to dismiss the petition to compel respondent Department of Investigation (DOI) to investigate criminal activity allegedly perpetrated against petitioner while she was employed by the New York City Public Advocate's Office, and dismissed the proceeding brought pursuant to CPLR article 78, and bringing up for review the order, same court, Justice, and date, denying petitioner's motion for recusal of the assigned Justice, unanimously affirmed, without costs.

A writ of mandamus may be sought "to enforce the performance of a ministerial duty" but not "to compel an act in respect to which a public officer may exercise judgment or discretion" (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018], cert denied 587 US 1027 [2019] [internal quotation marks and brackets omitted]). The DOI commissioner "is authorized and empowered to make any study or investigation which in his opinion may be in the best interest of the City" (NY City Charter § 803 [b]). Thus, "the decision not to conduct an investigation was a matter of discretion and the remedy of mandamus does not lie" (Matter of Iocovello v City of New York, 272 AD2d 201, 201 [1st Dept 2000], lv dismissed 95 NY2d 879 [2000]). Contrary to petitioner's contention, the Mayor's Executive Order on the Commissioner of Investigation, Inspectors General, and Standards of Public Service (NY City Executive Order [Koch] No. 16) does not direct investigations into criminal conduct of the nature alleged to have occurred here.

The decision not to investigate the matter was not arbitrary and capricious (CPLR 7803 [3]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Instead, DOI rationally directed the Public Advocate's Office to have petitioner report the alleged criminal conduct to the police.

Supreme Court providently denied petitioner's recusal motion. The assigned Justice was not "a party" to and had not "been an attorney or counsel" in this proceeding, and petitioner does not contend that the Justice had "an interest" in the proceeding or was related to the parties (Judiciary Law § 14). It is inconsequential that the Justice was represented by the Office of the Attorney General in unrelated litigation before this Court. In the absence of any statutorily mandated disqualification and any legitimate suggestions of bias or impartiality to which petitioner can point, the assigned Justice's decision not to recuse was appropriate "as a matter of personal conscience" (People v Smith, 63 NY2d 41, 68 [1984], cert denied 469 US 1227 [1985]; see also 22 NYCRR 100.3[E][1]).

We have considered petitioner's remaining contentions and find them unavailing.

[*2]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026